UNITED STATES DISTRICT COURT
NEW JERSEY

MARCELLA MCINTOSH,
    Plaintiff,

v.

CAPITAL ONE BANK (USA), N.A.,
    Defendant.

_____

# COMPLAINT AND JURY DEMAND

PLAINTIFF MARCELLA MCINTOSH, THROUGH COUNSEL DANIEL ZEMEL, pleads this complaint for actual damages, statutory damages, and attorney fees for violation of the Fair Credit Billing Act ("FCBA", part of the Truth in Lending Act), 15 U.S.C. § 1666 and Regulation Z ("Reg Z") issued thereunder.

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 15 U.S.C. § 1640(e) and 28 U.S.C. §§ 1331 and 1367. The Court has authority to issue a declaratory judgment by virtue of 28 U.S.C. § 2201.

2. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

3. Plaintiff is a natural person, residing in Vineland, NJ who entered into an open-end credit transaction with Capital 1 Bank, USA, NA for personal, family, and household purposes.

4. Defendant, Capital One Bank (USA), N.A. ("Cap1"), at all times relevant hereto, is and was a national association engaged in the business of consumer lending with an address of 100 Shockoe Slip, 2nd Floor, Richmond, VA 23219-4100.  At all times relevant to this complaint, Cap1 had extended a Walmart branded Mastercard credit card, on a revolving basis, to the Plaintiff.

## FACTUAL ALLEGATIONS

5. On March 9, 2023, Plaintiff was alerted to several bogus charges on her Walmart branded Cap1 Mastercard credit card statement for $383.02 and $349.93 via her Cap 1 app on her cell phone.  She did not order nor had she incurred these charges ("Bogus Charges").  The charge were for cleaning and other household goods that had been ordered from Walmart.  The goods were delivered to her home and are safely stored.

6. Plaintiff immediately notified Cap1 and disputed the Bogus Charges.

7. On March 10, 2023, Cap1 issued the Plaintiff a provisional credit along with an acknowledgement of the dispute and a new credit card.

8. On March 13, 2023, Cap 1 sent the Plaintiff an acknowledgment of her dispute.

9. On April 10, 2022, Cap1 completed its investigation and declined the Plaintiff's dispute and reversed its provisional credits. It then placed the Bogus Charges back on Plaintiff's credit card account. Cap1 said that "information we discovered leads us to believe you or another account user benefitted from th transactions." It's clear that Cap1 failed to conduct a reasonable investigation into the Plaintiff's dispute. Plaintiff did not order goods related to the Bogus Charges although they were received by her. Again, she has safely stored these goods at her home.

10. Plaintiff then contacted Walmart directly to explain that she is holding goods that she never ordered. Walmart personnel said that they would get back to her and of course, did not.

11. In support of its duty to conduct an investigation under the Fair Credit Billing Act and Regulation Z at 15 U.S.C. 1666 et seq, ("FCBA") Cap1 produced nothing to show that Plaintiff incurred the charge or benefited from it in anyway.

12. As a direct and proximate cause of Cap1's failure to conduct a reasonable investigation, Plaintiff has suffered financial damages and losses, including incurring additional interest charges on his account, late charges for refusing to pay a debt that is not his, and wasted time in trying to get Cap1 to conduct a

reasonable investigation.  Plaintiff has also suffered emotional damages and distress including embarrassment, humiliation, and frustration.

## VIOLATION OF THE FAIR CREDIT BILLING ACT

13. Plaintiff realleges the above paragraphs as if recited verbatim.

14. Plaintiff's credit card with Defendant Cap1 was a revolving account.  She uses this account for personal, family or household use.

15. Defendant Cap1 is subject to the Fair Credit Billing Act ("FCBA") and Regulation Z ("Reg Z").

16. Plaintiff timely disputed the Bogus Charges on her Cap1 credit card account to Cap1 as it was a bona fide billing error as defined by statute and regulation.   In her dispute, Plaintiff explained that she never incurred these charges.

17. Under the Fair Credit Billing Act at 15 U.S.C. 1666 and Regulation Z which interprets and applies the FCBA, a "billing error" includes an extension of credit for property or services not delivered to the consumer or the consumer's designee as agreed. See 15 U.S.C. § 1666(b)(3); Reg. Z § 1026.13(a)(3). Plaintiff never ordered these goods from Walmart that relate to the Bogus charges.

18. Cap1 received Plaintiff's timely posited dispute and upon receipt of this dispute, was required to conduct a reasonable reinvestigation in the

circumstances to determine whether the Plaintiff's dispute warranted a credit to her account of $383.02 and $343.93.

19. Cap1 breached its duty to conduct a reasonable reinvestigation into Plaintiff's billing dispute.

20. As a direct and proximate cause of Cap1's violation of its duties to the Plaintiff under the FCBA and Reg Z, Plaintiff has suffered damages to her credit standing along with financial and emotional damages.

WHEREFORE, plaintiff prays for Actual damages including pecuniary and emotional damages, statutory, punitive and exemplary damages, costs of the action along with an award of reasonable attorneys' fees plus any other relief that this court deems just.

May 8, 2023

By: /s/ Daniel Zemel
Daniel Zemel, Esq.
1373 Broad St, Ste. 203-C
Clifton, New Jersey 07013
Telephone: (862) 227-3106
Fax: (862) 204-5901
dz@zemellawllc.com