IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| MARCELLA MCINTOSH<br><br>Plaintiff,<br><br>v.<br><br>CAPITAL ONE BANK (USA), N.A,<br><br>Defendant. | Civil No. 23-3144 (RMB-AMD)<br><br>**OPINION** |

**RENÉE MARIE BUMB, Chief United States District Judge:**

When a consumer disputes charges on her credit card bill, the Fair Credit Billing Act ("FCBA") requires creditors to investigate the validity of those charges upon written notice from the consumer. 15 U.S.C. § 1666. No other type of notice is sufficient. Plaintiff Marcella McIntosh ("Plaintiff") is a customer of Defendant Capital One Bank ("Defendant" or "Capital One"). She alleges that Capital One failed to reasonably investigate two allegedly bogus charges on her Walmart-branded Capital One credit card in accordance with the FCBA. [Docket No. 1 ("Compl.") ¶¶ 8–9, 18–19, 21.] Because Plaintiff only gave Capital One oral notice of the disputed charges over the phone, her FCBA claim fails as a matter of law. In any case, Capital One did voluntarily investigate Plaintiff's disputed charges and concluded that Plaintiff authorized both charges. That voluntary investigation did not waive the FCBA's

written-notice requirement. Accordingly, the Court will **GRANT** Defendant's Motion for Summary Judgment.[1]

I.     FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges that she incurred two unauthorized charges on her Walmart-branded Capital One credit card for cleaning supplies totaling $732.95. [SOMF ¶ 2; RSOMF ¶ 2.] She called Capital One to dispute the charges. [SOMF ¶ 3; RSOMF ¶ 3.] She admits that she never disputed the charges in writing. [SOMF ¶ 3, Ex. A (Pl.'s Responses to Def.'s RFAs).]

Capital One issued Plaintiff a new credit card over the phone and provided her a provisional credit for the disputed amount. [SOMF ¶ 4; RSOMF ¶ 4.] The bank followed up with Plaintiff via letter informing her that it was investigating the disputed charges. [CSOMF ¶ 1; RCSOMF ¶ 1.] Capital One closed its investigation one month later informing Plaintiff by letter that it had concluded that Plaintiff authorized the two charges. [SOMF ¶ 5; RSOMF ¶ 5.] Capital One reversed the provisional credit and reinstated the charges on Plaintiff's account. [*Id.*]

---

[1] The parties' submissions are referred to herein as follows: (i) Defendant's Brief in Support of Summary Judgment, [Docket No. 24-3 ("Def.'s Br.")]; its Statement of Undisputed Material Facts, [Docket No. 24-1 ("SOMF")]; its Reply Brief in Further Support of its Motion for Summary Judgment, [Docket No. 26 ("Def.'s Reply")]; and its Response to Plaintiff's Counterstatement of Undisputed Material Facts, [Docket No. 26-1 ("RCSOMF")]; (ii) Plaintiff's Brief in Opposition to Defendant's Motion for Summary Judgment, [Docket No. 25 ("Pl.'s Br.")]; her Response to Defendant's Statement of Undisputed Material Facts, [Docket No. 25-1 at 1–2 ("RSOMF")]; and her Counterstatement of Undisputed Material Facts, [Docket No. 25-1 at 2–3 ("CSOMF")].

Plaintiff filed this action under the FCBA alleging that Capital One failed to conduct a reasonable investigation of the disputed charges upon receiving notice of the alleged billing error over the phone. [Compl. ¶¶ 18–19.] Defendant moved for summary judgment. [Docket No. 24.] It argues that the plain text of the FCBA requires consumers to provide creditors with written notice—not oral or any other kind of notice—to dispute a billing error. [Def.'s Br. at 4 (citing 15 U.S.C. § 1666(a)).] Because it is undisputed that Plaintiff only raised the billing error over the phone, Defendant argues that the protections of the FCBA never triggered. In opposition, Plaintiff argues that Defendant waived the FCBA's written notice requirement by acknowledging and investigating the dispute she lodged over the phone. [Pl.'s Br. at 4.]

## II. LEGAL STANDARD

Summary judgment is appropriate if the record shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A district court considers the facts drawn from the "materials in the record, including depositions, documents, electronically stored information, affidavits ... or other materials" and must "view the inferences to be drawn from the underlying facts in the light most favorable to the party opposing the motion." FED. R. CIV. P. 56(c)(1)(A); *Curley v. Klem*, 298 F.3d 271, 276–77 (3d Cir. 2002) (internal quotation marks omitted). The Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby*, 477 U.S. 242, 251–52, (1986). "More precisely, summary judgment should only

be granted if the evidence available would not support a jury verdict in favor of the nonmoving party." *S.M. v. Marlboro Twp. Bd. of Educ.*, 2013 WL 2405438, at *3 (D.N.J. May 31, 2013) (citing *Anderson*, 477 U.S. at 248–49). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson*, 477 U.S. at 247–48 (emphases removed).

### III.   DISCUSSION

The FCBA "requires a creditor to comply with particular obligations when a consumer has asserted that [her] billing statement contains an error[.]" *Krieger v. Bank of Am., N.A.*, 890 F.3d 429, 433 (3d Cir. 2018) (citation omitted). Those obligations include investigating a properly submitted billing dispute, which requires the creditor to set forth the reasons why it believes that the consumer's account "was correctly shown in the statement." 15 U.S.C. § 1666(a)(B)(ii). But the protections of the FCBA only trigger when a consumer submits written notice of the alleged billing error to a specific address identified by the creditor within 60 days after receiving the statement that contains the alleged billing error. 15 U.S.C. § 1666(a); *see also Krieger*, 890 F.3d at 437. The written notice must: (1) set forth or otherwise enable the creditor to identify the name and account number of the consumer; (2) indicate the consumer's belief that a billing error has occurred and the amount of the billing error; and (3) set forth the reasons that the consumer believes that the billing statement contains an error. 15 U.S.C. § 1666(a)(1)–(3).

"Written notice" means exactly what it says. *Geisinger Cmty. Med. Ctr. v. Sec'y U.S. Dep't of Health & Hum. Servs.*, 794 F.3d 383, 391 (3d Cir. 2015) (courts must presume that "Congress expresses its intent through the ordinary meaning of the words it uses"). Notice of a consumer's billing error under the FCBA must be submitted to a creditor in writing to a specific address identified by the creditor. It cannot be submitted any other way. *United States v. Nasir*, 17 F.4th 459, 472 (3d Cir. 2021) ("the expression of one thing is the exclusion of the other"). That includes, as here, disputing a billing error orally over the phone. Plaintiff admits that she never provided written notice to Defendant of her billing dispute. [SOMF ¶ 3, Ex. A (Pl.'s Responses to Def.'s RFAs).] Thus, her sole failure-to-investigate claim under the FCBA fails as a matter of law. *See Krieger*, 890 F.3d at 437 (calculating sixty-day FCBA period from written submission to creditor as opposed to from earlier dates consumer orally disputed alleged billing error).

Notwithstanding the plain language of the statute, Plaintiff argues that her oral notice of the billing error to Capital One was sufficient to trigger the protections of the FCBA. *First*, she argues that her account agreement states that the cardholder could call in lieu of a written dispute. [Pl.'s Br. at 4, 8.] Not so. The account agreement states unequivocally—and consistent with the FCBA—that a consumer "***must*** notify [Capital One] of any potential [billing] errors ***in writing***." [Docket No. 25-5, Pl's Br., Ex. 4 at 3 (emphases added).] The account agreement states that a consumer "***may call***" Capital One regarding a billing dispute but clarifies that Capital One is "not

5

required to investigate any potential errors" if the dispute is orally lodged. [*Id.* (emphasis added).] Thus, Plaintiff's account agreement reinforces the statutory requirements of the FCBA.

*Second*, Plaintiff argues that Defendant waived the FCBA's written-notice requirement because it voluntarily investigated the billing error following the oral dispute she lodged over the phone. [Pl.'s Br. at 10–11]. The Court disagrees. Defendant's voluntary investigation of the dispute did not constitute a waiver of the FCBA's written-notice requirement. A waiver is an "intentional relinquishment or abandonment of a known right," *United States v. Olano*, 507 U.S. 725, 733 (1993), which must be clearly and unmistakably established, *United Steelworkers of Am., AFL-CIO v. N.L.R.B.*, 536 F.2d 550, 555 (3d Cir. 1976). Capital One did not clearly and unmistakably relinquish its statutory right to written notice under the FCBA. *See Andreae v. Capital One*, 2024 WL 1579914, at *4 (S.D. Ohio Apr. 11, 2024) (concluding that, because waiver is not to be found lightly, a defendant-bank voluntarily investigating an orally lodged billing dispute did not waive bank's FCBA right to written notice). To the contrary, Capital One expressly reserved its right to written notice under the FCBA in the account agreement by requiring Plaintiff to notify Capital One of any potential billing errors in writing and stating that it would not necessarily investigate alleged billing errors raised over the phone. [Docket No. 25-5, Pl's Br., Ex. 4 at 3 ("You *must* notify us of any potential errors in writing. You *may* call us or notify us electronically, but if you do *we are not required to investigate* any

potential errors and you may have to pay the amount in question.") (emphases added).]

Plaintiff cites only one case finding waiver under the FCBA where a defendant-bank voluntarily undertook a billing error investigation upon oral notice by the consumer. In *Mitchell v. JPMorgan Chase Bank NA*, 2023 WL 5590635 (D. Ariz. Aug. 29, 2023), the court denied a defendant-bank's motion to dismiss, finding that it was "reasonable to infer" that the defendant "waived the [FCBA's] written-notice requirement by acknowledging and investigating" the plaintiff's orally submitted dispute. 2023 WL 5590635, at *3. To hold otherwise, the court reasoned, "would be to empower credit institutions to accept a [consumer's] oral notice of an error, even lull the person into a false sense of security that the [consumer] had timely and properly notified the corporation of a perceived error, only to later claim that despite launching an investigation into the alleged error, the credit institution was never properly notified [] in writing []and thus, does not need to adhere to or honor the other portions of the FCBA." *Id*. (quoting *Savitz v. Citizens Bank, N.A.*, 2020 WL 128573, at *4 (W.D. Pa. Jan. 10, 2020) (similarly finding waiver)).

The Court declines to follow *Mitchell* and *Savitz*, both of which are not binding on this Court. Neither case found that the defendant banks clearly and unmistakably relinquished their statutory rights to written notice by voluntarily undertaking an investigation of a billing dispute upon oral notice. The Court finds that there is "nothing clearly or unmistakably inconsistent—let alone, inconsistent at all—about Capital One's [investigation of the alleged billing error upon oral notice] and the

7

requirement that to raise a valid FCBA cause of action, a party must provide written notice to the creditor of the bill [s]he disputes." *Andreae*, 2024 WL 1579914, at *5. Further, the Court expresses concern that a finding of waiver here could chill voluntary investigations of billing errors by credit institutions. Consumers deserve to have billing errors on their credit card statements promptly investigated. But if consumers want that investigation to conform to the protections of federal law, they must submit their notice of dispute in writing as required by the FCBA.

## IV.    CONCLUSION

For the reasons set forth above, Defendant's Motion for Summary Judgment will be **GRANTED**. An accompanying Order shall issue separately.

**DATED**: **August 28, 2024**          s/Renée Marie Bumb
                                        RENÉE MARIE BUMB
                                        Chief United States District Judge